JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3.
Levonn Shears appeals from his conviction following a bench trial on one count of aggravated robbery with a firearm specification. He was sentenced to a four-year term of incarceration for the aggravated robbery, to be served consecutively to a three-year term of incarceration for the firearm specification. The trial court merged a separate robbery charge with the aggravated robbery for sentencing purposes.
Shears raises one assignment of error, challenging the weight and sufficiency of the evidence underlying his conviction. He argues that the state's witnesses' testimony was too rife with inconsistencies to be believed beyond a reasonable doubt. We disagree.
On August 3, 2003, Sonia Holley returned to her Over-the-Rhine neighborhood in Cincinnati from Argosy Casino with $1700 in cash winnings. On the way to her apartment, she stopped at a local convenience store and purchased music CDs and money orders to pay her utility bills. She proceeded home from there, meeting Shears in Washington Park. The two had known each other for about two years. Holley invited Shears to her nearby apartment to listen to some music. Shears went home with her, and Holley gave him some money to buy cigarettes and alcohol. When Shears returned, they began dancing and listening to Holley's new CDs. Shears asked Holley for more money, and because she said no, Shears angrily left.
Shears returned to her apartment shortly after 5:00 a.m. He knocked on the door and in a distressed voice asked to see Holley. She let him in, and when she turned away from him, Shears hit her in the head with a small gun containing a clip. As she dropped to the floor, Shears got on her back and continued hitting her on the head with the gun, demanding, "Where's the money?" He forced her into her bedroom and threatened to kill her if she did not cooperate. Shears left the apartment with her cash, money orders, and two social security checks, as well as videotapes, CDs, and a CD player.
Holley was not bleeding but had sore spots on her head. After waiting about half an hour, she called out her window for help. Several people standing outside the Drop-Inn Center across the street came to her assistance, and she called the police. She gave a statement to Officer Darrell Grant and met with Detective Pat Galligan a few days later. She identified Shears as the perpetrator from a photo array. Sheila Doyle, who saw Shears leave Holley's apartment building carrying a bag and a black box with a cord hanging from it, also identified Shears from a photo array. Doyle saw Shears leave the apartment in the early morning as she waited for the Drop-Inn Center to open.
At trial, Shears adamantly denied robbing Holley or owning a gun. He testified that he was living with Holley at the time and that Holley was making up the robbery to get back at him for seeing another woman.
We hold that the trial court had before it sufficient evidence on all the elements of aggravated robbery with a firearm specification to support the conviction.[1] Further, we hold that there is no basis to conclude that the trial court lost its way or committed a manifest miscarriage of justice in resolving the factual disputes against Shears.[2] The trial court was in the best position to judge the credibility of the witnesses.[3] Shears admitted during cross-examination that he had been previously convicted of a crime involving a false statement or dishonesty, as well as a felony, thereby impeaching his credibility.
Finally, Shears argues that the trial court erred in convicting him of aggravated robbery and robbery because they were allied offenses of similar import. But the trial court merged the offenses for sentencing. Because of this merger, under the law, Shears was convicted only of aggravated robbery. As there was only one conviction, Shears's claim lacks merit. The assignment of error is overruled and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Hendon, JJ.
[1] R.C. 2911.01(A)(1); See State v. Waddy (1992), 63 Ohio St.3d 424,430, 588 N.E.2d 819.
[2] See State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52,678 N.E.2d 541.
[3] See State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.